**Mary L. HAUN, on behalf of Jeffrey G. Haun, Plaintiff–Appellant,**

v.

**COMMISSIONER SOCIAL SECURITY ADMINISTRATION, Defendant–Appellee.**

No. 03–5504.

United States Court of Appeals, Sixth Circuit.

Aug. 2, 2004.

Lenny L. Croce, Rural Legal Services of Tennessee, Oak Ridge, TN, Donna M. Lefebvre, Miller & Lefebvre, Knoxville, TN, for Plaintiff–Appellant.

Gary A. Sultz, Office of the General Counsel, Chicago, IL, Loretta Simonetti Harber, Asst. U.S. Attorney, U.S. Attorney's Office, Knoxville, TN, for Defendant–Appellee.

Before RYAN and COOK, Circuit Judges; and CLELAND, District Judge.*

COOK, Circuit Judge.

Mary Haun appeals the district court's order affirming the Social Security Commissioner's denial of benefits to her late husband, Jeffrey Haun. Because the Administrative Law Judge properly deferred to a prior ALJ's decision, afforded Mr. Haun due process, and based his decision on substantial evidence, we affirm.

I

Jeffrey Haun first applied for disability insurance benefits in December 1994. The Commissioner denied Haun's application, and ALJ Gray affirmed following a hearing in October 1995. Based on medical exhibits and testimony from Haun and a vocational expert, Judge Gray found that Haun suffered severe impairments but nevertheless had residual functional capacity to perform many jobs available to a person of his age, education, and work experience.

Haun later reapplied for benefits, alleging that he became disabled in June 1995. The Commissioner again denied the application, and ALJ Davis affirmed, holding that Judge Gray's decision bound him absent new and material evidence. Haun sought judicial review but died while review was pending, and the district court substituted his wife, Mary, as plaintiff. The district court then granted the Com-

* The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

missioner's motion for summary judgment and denied Haun's.

## II

We must affirm an ALJ's decision if the ALJ applied the correct legal standard and substantial evidence supports the findings. 42 U.S.C. § 405(g); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir.1997). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir.1981) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). Accordingly, we "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir.1984).

## III

### A. *Drummond v. Commissioner of Social Security*

■ In *Drummond v. Commissioner of Social Security*, this court held that "a subsequent ALJ is bound by the findings of a previous ALJ ... absent new and additional evidence." 126 F.3d 837, 842 (6th Cir.1997). The Commissioner interpreted *Drummond* in Acquiescence Ruling 98–4(6):

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding....

Mrs. Haun argues that, contrary to AR 98–4(6), *Drummond* permitted Judge Davis to consider de novo Mr. Haun's disability claim for the previously unadjudicated period, that is, the period after Judge Gray's October 1995 hearing. *Drummond*, however, rejected the "contention that the Social Security Administration has unfettered discretion to reexamine issues previously determined absent new and additional evidence." *Drummond*, 126 F.3d at 842. We therefore conclude that Judge Davis properly deferred to Judge Gray's decision.

### B. Due Process

■ Mrs. Haun next argues that the notice Mr. Haun received for Judge Davis's hearing denied him due process because it did not explain that Judge Gray's decision could bind Judge Davis. But a defective notice denies an applicant due process only if the applicant detrimentally relies on that notice. *Day v. Shalala*, 23 F.3d 1052, 1066 (6th Cir.1994). Mr. Haun did not detrimentally rely on the notice because he presented to Judge Davis evidence not presented to Judge Gray, and thus had the opportunity to argue for a different decision. We therefore reject Mrs. Haun's due process argument.

### C. Substantial Evidence

■ Mrs. Haun also argues that Judge Davis did not ground his opinion on substantial evidence in that he gave insufficient weight to new evidence that Mr. Haun could not work. That evidence included a report by Dr. Grace Teal and testimony from vocational expert Jane Hall. Judge Davis discussed Dr. Teal's report in his opinion and discounted it as inconsistent with reports from other doctors. Judge Davis decided that since Mr. Haun's age category, education, and work experience remained the same at both administrative hearings, he could choose to

rely on the vocational expert testimony from Judge Gray's hearing, rather than Ms. Hall's testimony. We may not re-weigh conflicting evidence on appeal, but instead must affirm Judge Davis's decision because substantial evidence supports it.

## IV

For the foregoing reasons, we affirm the district court's order granting summary judgment to the Commissioner and deny-ing summary judgment to Mrs. Haun.