NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0018n.06

No. 14-5582

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 07, 2015
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| CHUCK LESTER, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE EASTERN DISTRICT OF |
| SOCIAL SECURITY ADMINISTRATION, | ) KENTUCKY |
| | ) |
| Defendant-Appellee. | ) |

BEFORE: SUHRHEINRICH and GRIFFIN, Circuit Judges; LEITMAN, District Judge.[*]

PER CURIAM. Chuck Lester appeals the district court's judgment affirming the denial of his application for disability insurance benefits.

In 2006, Lester filed applications for disability insurance benefits and supplemental security income benefits, alleging that he became disabled on May 10, 2003. After the Social Security Administration denied the applications, Lester requested a hearing before an administrative law judge (ALJ). On August 6, 2007, the ALJ denied Lester relief, and the district court affirmed that decision.

In 2008, Lester filed another application for disability insurance benefits, again alleging that he became disabled on May 10, 2003. Lester was denied administrative relief, but the

_____

[*] The Honorable Matthew F. Leitman, United States District Judge for the Eastern District of Michigan, sitting by designation.

district court remanded the case to the ALJ for further consideration. Following an additional hearing, the ALJ denied Lester relief, and the district court affirmed that denial.

On appeal, Lester raises the following arguments: (1) the ALJ erred by relying on the residual functional capacity (RFC) assessment that was made in connection with the 2007 denial of benefits; (2) the ALJ erred by discounting the medical opinion of his treating physician; (3) the ALJ erred by failing to find that he was disabled based on his illiteracy; and (4) the ALJ erred by relying on testimony from a vocational expert (VE) that was given in response to improper hypothetical questions.

"Our review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). "The substantial-evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Id.* at 406 (internal quotation marks omitted). "We give de novo review to the district court's conclusions on each issue." *Id.*

Lester first argues that the ALJ erred by relying on the RFC assessment that was made in connection with the August 2007 denial of benefits because new and material evidence showed that his condition had significantly deteriorated. Lester specifically contends that the ALJ should not have discounted the medical opinion of his treating physician, Dr. Truman Perry, who concluded that Lester had significant work-related functional limitations. A medical opinion from a treating source must be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). An ALJ must give good reasons for discounting a treating physician's opinion. *Id.*

The ALJ reasonably discounted Dr. Perry's medical opinion on the basis that it conflicted with other substantial evidence in the record. Dr. Perry's proposed limitations were inconsistent with his own treatment notes from the relevant period, which generally showed that Lester was receiving conservative treatment and that he was not suffering from disabling impairments. The proposed limitations also conflicted with Lester's daily activities and the majority of other medical evidence in the record, including the physical examination performed by Dr. Omar Chavez. Given that the ALJ reasonably discounted Dr. Perry's opinion and that there was otherwise no evidence showing that Lester's functional capacity had significantly decreased during the relevant period, the ALJ did not err by relying on the RFC assessment that was made in connection with the 2007 denial of benefits. *See Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997).

Lester next argues that the ALJ erred by failing to find that he was disabled on the basis that he was illiterate. Illiteracy is defined as "the inability to read or write." 20 C.F.R. § 404.1564(b)(1). A claimant will be deemed illiterate "if the person cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her name." *Id.* Substantial evidence supported the ALJ's determination that Lester was not illiterate, given Lester's assertion in a disability report that he was able to read and understand English and to write more than his name and the evidence that Lester was able to read at least portions of letters, including the letter sent to him by the Kentucky Department for Disability Determinations. *See Bell v. Barnhardt*, 148 F. App'x 277, 283-84 (6th Cir. 2005).

Finally, Lester argues that the ALJ erred by relying on testimony from a VE that was given in response to improper hypothetical questions. Lester contends that the ALJ's hypothetical questions should have included that he had moderate difficulty with maintaining

concentration, persistence, and pace and that his general learning ability fell within the bottom tenth percentile of the national population. An ALJ may rely on a VE's response to a hypothetical question only if the question accurately portrays a claimant's physical and mental impairments. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010). The ALJ is required to incorporate only those limitations that he or she accepted as credible. *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993).

Here, the ALJ reasonably incorporated into his hypothetical questions to the VE Lester's difficulties with maintaining concentration, persistence, and pace by restricting Lester to work that involved one- to two-step instructions in a non-public, object-focused setting where reading was not an essential job element. And the ALJ was not required to include in his hypothetical questions that Lester's general learning ability was within the bottom tenth percentile nationally because Lester's IQ scores did not establish his general learning ability, *see Griffith v. Comm'r of Soc. Sec.*, __ F. App'x __, 2014 WL 3882671, at *9 & n.7 (6th Cir. 2014), and there was otherwise no evidence showing that Lester's general learning ability was in the bottom tenth percentile nationally.

Accordingly, we affirm the district court's judgment.