NOT RECOMMENDED FOR PUBLICATION
 File Name: 21a0356n.06

 Case No. 20-1978

 UNITED STATES COURT OF APPEALS
 FOR THE SIXTH CIRCUIT
 FILED
 ) Jul 20, 2021
FARMERS MUTUAL HAIL INSURANCE DEBORAH S. HUNT, Clerk
 )
COMPANY OF IOWA,
 )
 Petitioner-Appellee, ) ON APPEAL FROM THE UNITED
 ) STATES DISTRICT COURT FOR
v. ) THE WESTERN DISTRICT OF
 ) MICHIGAN
EDGAR MILLER, )
 Respondent-Appellant. )
 )

 BEFORE: SUTTON, Chief Judge; SUHRHEINRICH and NALBANDIAN, Circuit Judges.

 SUTTON, Chief Judge. To guard against the risks of a disappointing harvest, farmers often

acquire crop insurance. That’s what Edgar Miller did, and with ample initial rewards. After facing

three poor seasons in a row, he obtained a recovery from his crop insurer. But the insurer later

realized it had overpaid. That led to arbitration and eventually to a return of the extra payments,

all over Miller’s objection. The district court confirmed the arbitrator’s award. So do we.

 I.

 In the face of economic pressures for farms to grow larger, it has become “harder to ignore

the enormous increase of indebtedness and overhead that has accompanied the enlargement of

farm[ing].” Wendell Berry, The Unsettling of America: Culture and Agriculture 65 (1977). Larger

farms mean larger risks and more reasons to insure against the endemic risks of a bad year. See
Case No. 20-1978, Farmers Mutual v. Miller

generally Helena Agri-Enterprises, LLC v. Great Lakes Grain, LLC, 988 F.3d 260, 266 (6th Cir.

2021).

 The problem is not new. In 1938, Congress created the Federal Crop Insurance

Corporation to regulate the area. 7 U.S.C. § 1508(h); id. § 6933. Consistent with this mandate,

the Insurance Corporation has promulgated the Common Crop Insurance Policy, which establishes

rules for insurance coverage and rules for resolving disputes over crop insurance contracts.

7 C.F.R. § 457.8. The Insurance Corporation reserves the right to interpret the Crop Insurance

Policy and to determine how best to protect the industry from poor crop years. Id. § 457.8(20)(a);

see Adkins v. Silverman, 899 F.3d 395, 399 (5th Cir. 2018).

 Edgar Miller’s farm straddles the Indiana–Michigan border, with the bulk of the land

located near White Pigeon, Michigan. Miller grows corn and soybeans and obtained crop

insurance from Farmers Mutual Hail Insurance Company of Iowa.

 Miller had a poor crop year in 2012, followed by another bad one in 2013. He filed an

indemnity claim with Farmers Mutual. The insurance company covered Miller’s losses.

 The next year Miller filed a claim for the 2014 season. Farmers Mutual objected to his

recordkeeping, and it refused to indemnify him. While processing this last request, the insurance

company discovered problems with Miller’s prior claims. Farmers Mutual realized that it had

overpaid Miller for crop years 2012 and 2013, in large part due to his poor recordkeeping. Farmers

Mutual sought a refund of more than $100,000.

 As allowed by the federal agency’s Crop Insurance Policy, Miller sought to arbitrate this

reimbursement demand as well as the insurance company’s decision not to cover his 2014 claim.

The arbitrator ruled for Farmers Mutual, noting that “while Miller may be a good farmer, he is a

very poor record keeper.” R.1-1 at 2. Based on Miller’s inconsistent recordkeeping, the arbitrator

 2
Case No. 20-1978, Farmers Mutual v. Miller

denied his insurance claim for the 2014 season. As to the claims for reimbursement, the arbitrator

read the Crop Insurance Policy as allowing an insurance company to adjust previously paid claims

based on poor recordkeeping. It ordered Miller to return the overpayments.

 Farmers Mutual filed a petition in federal court to confirm the arbitration award. Miller

sought to nullify the award on the ground that the arbitrator exceeded its authority by interpreting

(as opposed to applying) the Crop Insurance Policy. 7 C.F.R. § 457.8(20). Miller argued that the

retroactive changes to the audited and settled crop insurance claims for the 2012 and 2013 seasons

rested on interpretations of the federal policy that the arbitrator had no power to make. The district

court agreed, reasoning that the “dispute over a retroactive redetermination [of] the 2012 and 2013

crop years squarely raises policy interpretation issues” that the Insurance Corporation alone has

the power to resolve. Farmers Mut. Hail Ins. Co. of Iowa v. Miller, 366 F. Supp. 3d 974, 978

(W.D. Mich. 2018). The court nullified the arbitration award “pending a policy interpretation by

the [Insurance Corporation].” Id. at 979.

 In response to the district court’s decision, Farmers Mutual and Miller asked the Insurance

Corporation to determine whether the Crop Insurance Policy authorizes an arbitrator to

redetermine claims based on poor recordkeeping. The Insurance Corporation permitted Farmers

Mutual to seek reimbursement in this setting.

 Farmers Mutual renewed its petition to confirm the arbitration award, and the district court

granted it. Miller appealed, challenging the arbitrator’s authority to construe the Policy and the

court’s handling of the claim after its initial ruling.

 II.

 The parties share common ground over the scope of our review. They agree that the

Federal Arbitration Act applies to this dispute. They agree that the Act requires a court to confirm

 3
Case No. 20-1978, Farmers Mutual v. Miller

an arbitration award unless it falls within one of the Act’s exceptions. 9 U.S.C. § 9; Hall St.

Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 578 (2008). And they agree about the relevant

exception—that the arbitrator may not exceed its power under the relevant contract or law.

9 U.S.C. § 10(a)(4).

 Created by Congress, the Federal Crop Insurance Corporation regulates the ins and outs at

this intersection of farming and crop insurance. See generally Ackerman v. United States Dep’t of

Agric., 995 F.3d 528, 529 (6th Cir. 2021). Consistent with this delegation of authority, it has

promulgated a Crop Insurance Policy that sets the terms of coverage and establishes the rules for

resolving disputes over crop insurance contracts. 7 C.F.R. § 457.8. The Insurance Corporation

reserves the right to interpret the Crop Insurance Policy and to determine how best to protect the

relevant stakeholders. If a dispute “involves a policy or procedure interpretation,” the insurer or

the insured “must obtain an interpretation” from the Insurance Corporation. Id. § 457.8(20). At

the very least, a “policy or procedure interpretation” arises where an arbitrator must decide “the

meaning of any policy provision or procedure.” Id. Although the Insurance Corporation

recommends that regulated entities seek its interpretation before an arbitrator makes a decision,

see id. § 400.766(b)(1), parties may ask the agency for its views after the arbitrator acts, see Final

Agency Determination 230 (April 10, 2015), https://www.rma.usda.gov/Policy-and-

Procedure/Final-Agency-Determinations/Basic-Provisions-20a-FAD-230, R.17-2; see also Final

Agency Determination 232 (April 10, 2015), https://www.rma.usda.gov/Policy-and-

Procedure/Final-Agency-Determinations/Basic-Provisions-20a-FAD-232, R.17-3. If the

Corporation provides an interpretation after the arbitrator has acted, “the arbitration award must

be reviewed to determine if it is consistent” with the agency’s view. See Final Agency

Determination 230, R.17-2 at 3. The arbitration award must be nullified if it is “determined that

 4
Case No. 20-1978, Farmers Mutual v. Miller

the inconsistency materially affected the award.” Id.; see also Final Agency Determination 232,

R.17-3 at 3; 7 C.F.R. § 457.8(20)(a)(1)(ii) (stating that the “[f]ailure to obtain any required

interpretation from [the Insurance Corporation] will result in the nullification of any agreement or

award”).

 In this instance, Farmers Mutual and Miller disagreed over whether the Crop Insurance

Policy permits reimbursement based on poor recordkeeping alone or whether it requires a showing

of fraud. Neither party flagged the issue during the initial arbitration. Miller raised the question

for the first time in the district court after Farmers Mutual filed its petition to confirm the arbitration

award. When the district court required the parties to seek an interpretation from the Insurance

Corporation, the agency construed the Crop Insurance Policy to allow an insurer to seek

reimbursement on the basis of poor recordkeeping alone.

 With this interpretation by the federal agency in hand, that leaves two potential questions.

Was the arbitrator’s award inconsistent with the agency’s view? If so, did the inconsistency

materially affect the arbitrator’s award?

 The answer to the first question resolves this dispute. The Insurance Corporation has now

made clear that a crop insurer may reject a coverage claim based on poor recordkeeping alone

and may obtain retroactive reimbursement for an overpaid claim on that basis. See Final

Agency Determination 287 (October 16, 2019), https://www.rma.usda.gov/en/Policy-and-

Procedure/Final-Agency-Determinations/Basic-Provisions-21-FAD-287, R.1-9. Because the

arbitrator’s award respected that interpretation, no inconsistency exists. The district court correctly

confirmed the arbitration award.

 Acknowledging the agency’s interpretation, Miller insists that the arbitrator still exceeded

its power by placing the burden of proof on the farmer with respect to insurance-reimbursement

 5
Case No. 20-1978, Farmers Mutual v. Miller

demands. Neither the Crop Insurance Policy nor the Insurance Corporation’s interpretation of it,

Miller claims, answers whether he or Farmers Mutual bears the burden of proof in resolving a

reimbursement claim. It’s true that Final Agency Determination 287 did not address in express

terms the burden of proof—in part because Miller failed to ask the federal agency to resolve the

point. Miller’s point is fruitless, however, because the regulations and the Final Agency

Determination not only clarified that the farmer need not make a knowingly false application for

the Insurance Corporation to adjust the claim, they also maintained a consistent burden of proof

regardless the status of the indemnification claim. That is, the regulations never provide for a

presumption in favor of the farmer’s claim after an insurance company makes an indemnity

payment. Rather, the Insurance Corporation has “the right to examine the insured crop and all

records related to the insured crop . . . as often as reasonably required during the record retention

period.” 7 C.F.R. § 457.8(21)(a). While the Insurance Policy requires the farmers to provide all

necessary records and access to information, Miller’s position would require that the Policy hold

the Insurance Corporation to a different standard when reviewing a claim than when deciding it in

the first place. The regulations do no such thing.

 Miller points to language in the district court’s first order suggesting that the court

recognized that the arbitrator placed the burden on the farmer. See Miller, 366 F. Supp. 3d at 978

(“There is nothing in the policy language that expressly permits a redetermination of previously

settled crop years, let alone allocates a burden of proof in any such retroactive redetermination to

the farmer.”). But that makes no difference now. The district court confirmed the award the

second time around, concluding that the agency’s interpretation answered the relevant question

raised by this case.

 6
Case No. 20-1978, Farmers Mutual v. Miller

 Williamson Farm v. Diversified Crop Insurance Services does not change things. 917 F.3d

247 (4th Cir. 2019). True, as Miller points out, the Fourth Circuit observed that federal crop

insurance disputes “leave very little decision making authority to the arbitrator” because it must

follow any interpretive decisions “previously issued” by the Insurance Corporation. Id. at 255,

257. But these realities hurt Miller’s cause. They show why the district court first nullified the

arbitration award pending an interpretation from the Insurance Corporation and why it later

approved the award as consistent with the agency’s interpretation of the Crop Insurance Policy.

 Independent of these considerations, Miller challenges the arbitration award on another

ground: claim preclusion. As he sees it, the district court’s conditional nullification of the

arbitrator’s award pending input from the Insurance Corporation precluded it from confirming the

award later.

 Claim preclusion requires four things: (1) a final merits decision; (2) a later action between

the same parties; (3) an issue in the later action that was litigated or that should have been litigated

in the first action; and (4) an identical claim raised in the two lawsuits. Bittinger v. Tecumseh

Prods. Co., 123 F.3d 877, 880 (6th Cir. 1997).

 Miller comes up short on the first and fourth elements—a final decision on the merits about

the identical claim. In the first go-round, the district court did not issue a final decision about the

arbitration award. It conditionally nullified the award pending the Insurance Corporation’s

interpretation of the Policy. The initial order, in the district court’s words, was made “pending any

necessary policy determination by the [Corporation].” R.24 at 3 (quotation omitted); cf. Mitchell

v. Chapman, 343 F.3d 811, 820–21 (6th Cir. 2003). Only after the Corporation issued its

interpretation did the district court consider—finally—whether to confirm or set aside the

arbitration award. Today’s lawsuit in short does not address the same question addressed by the

 7
Case No. 20-1978, Farmers Mutual v. Miller

district court the first time. A conditional decision to nullify an arbitration award before the agency

issues its interpretation differs from a final decision to confirm an award after the agency issues

its interpretation. See Earley v. Comm’r of Soc. Sec., 893 F.3d 929, 933 (6th Cir. 2018).

 Miller claims that an involuntary dismissal operates as an adjudication on the merits unless

the court’s order says otherwise. But the qualification applies. As shown, the district court’s order

conditionally nullified the arbitration award, reserving the ability to affirm the arbitration award

after the Insurance Corporation had spoken.

 We affirm.

 8