**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2721
_____

TABITHA JEAN MATTEI,

Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-21-cv-01022)
District Judge: Honorable Alan N. Bloch
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 20, 2023

Before: HARDIMAN, PORTER and FISHER, *Circuit Judges*.

(Filed: May 16, 2023)
_____

OPINION[*]
_____

**FISHER**, *Circuit Judge*.

An ALJ denied Tabitha Mattei's application for disability benefits under Title II of

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

the Social Security Act, 42 U.S.C. § 423(a). He found that Mattei was not disabled between April 26, 2019, and December 31, 2019, because she could perform light work subject to some limitations. The District Court affirmed the ALJ's decision. Mattei appeals.[1] We will affirm.[2]

Mattei faults the ALJ in this case for "refusing to consider" a prior ALJ's finding—related to a prior claim in which Mattei sought disability benefits between February 9, 2016, and April 25, 2019—that she could only perform sedentary work.[3] She urges us to adopt the standard set out in *Albright v. Commissioner of Social Security Administration*,[4] which the Social Security Administration has acquiesced to for disability findings in cases brought in the Fourth Circuit.[5]

We determine the meaning of the agency's regulations in the first instance using "all the 'traditional tools' of construction."[6] Mattei identifies nothing in the text, structure, history, or purpose of the Social Security regulations that requires an ALJ, reviewing a claim for an unadjudicated time period, to give preclusive effect to an earlier

---

[1] The District Court exercised jurisdiction under 42 U.S.C. § 405(g). We exercise appellate jurisdiction under 28 U.S.C. § 1291.

[2] "We exercise plenary review over the District Court's determination of legal issues." *Zirnsak v. Colvin*, 777 F.3d 607, 611 (3d Cir. 2014) (citation omitted). And we review an ALJ's factual findings "under the deferential 'substantial evidence' standard." *Id.* at 610 (quoting 42 U.S.C. § 405(g)).

[3] Mattei Br. 8.

[4] 174 F.3d 473 (4th Cir. 1999).

[5] SSAR 00-1(4), 65 Fed. Reg. 1936-01 (Jan. 12, 2000); *see generally* 20 C.F.R. § 404.985.

[6] *Kisor v. Wilkie*, 139 S. Ct. 2400, 2415 (2019) (citation omitted).

administrative finding on a different claim concerning a different time period.

The Social Security Act grants "full power and authority" to the Social Security Commissioner to "make rules and regulations and to establish procedures . . . which are necessary or appropriate" to adjudicate disability claims, including "reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence" of disability claims.[7] Accordingly, the Commissioner issued regulations that define evidence as "anything [a claimant] or anyone else submits to [the agency] or that [the agency] obtain[s] that relates to [the] claim."[8] In addition, the regulations identify several "categories of evidence" and how each is evaluated to decide a claim.[9]

Notably, nothing in the regulations compels adoption or even consideration of a prior-found fact by an ALJ who decided a temporally distinct disability claim. In fact, no category of evidence even speaks of administrative findings related to prior, temporally distinct claims. Under preclusion doctrine, this makes sense: when a claimant seeks disability benefits for an unadjudicated time period, she brings a new claim and raises new issues not yet finally decided—namely, the status of her health during a different

---

[7] 42 U.S.C. § 405(a).
[8] 20 C.F.R. § 404.1513.
[9] *Id.*

time period.[10] We reject Mattei's invitation to overlay novel preclusion requirements on the unambiguous regulations.

The Fourth Circuit's decision in *Albright* is not to the contrary. At most, *Albright* requires an ALJ deciding a subsequent disability claim to consider and give "weight" to prior administrative findings regarding a claimant's disability status.[11] Even so, *Albright* agreed that applying preclusion principles to subsequent claims involving unadjudicated time periods is "by its nature inconsistent with the agency's time-tested approach" of not doing so.[12] Thus, the Fourth Circuit's rule regarding prior administrative findings is merely an application of the "substantial evidence rule," not, as Mattei would have it, some novel form of preclusion.[13] In any event, even if we adopted *Albright*'s rule, it would be inconsequential in Mattei's case. Here, the ALJ did, in fact, "consider[] the prior administrative law judge decision" and found it "partially persuasive."[14]

Mattei's emphasis on the agency's acquiescence to *Albright* is equally unpersuasive. In *Albright*'s wake, the agency clearly stated that the decision "conflict[ed]

---

[10] *See Purter v. Heckler*, 771 F.2d 682, 689 n.5 (3d Cir. 1985); *see also Earley v. Comm'r Soc. Sec.*, 893 F.3d 929, 933–34 (6th Cir. 2018) (reasoning "a new application for a new period of time" does not implicate claim or issue preclusion; "human health is rarely static"); *cf.* 20 C.F.R. § 404.957(c)(1) (ALJ may dismiss request for hearing on "res judicata" grounds where request raises "same facts" and "same issue or issues" as "previous determination or decision").

[11] 174 F.3d at 478.

[12] *Id.* at 476.

[13] *See id.* at 477–78.

[14] AR 22.

4

with [the agency's] interpretation" of its own regulations because "[i]n a subsequent disability claim, [the agency] considers the issue of disability with respect to a period of time that was not adjudicated in the final determination or decision on the prior claim to be a *new issue that requires an independent evaluation from that made in the prior adjudication*."[15] The agency interprets its regulations to require "de[ ]novo" review of the "the facts and issues" of each temporally distinct disability claim.[16] Given the conflict between the Fourth Circuit's interpretation of Social Security regulations in *Albright* and the agency's own interpretation, the agency narrowly acquiesced to *Albright*'s rule for claimants in the Fourth Circuit.[17] Taken together, even if we were to lean on the agency to aid our interpretation of Social Security regulations,[18] the agency's acquiescence rule evinces an agency interpretation that cuts against Mattei's argument. Therefore, neither *Albright* nor the agency's acquiescence to it compelled the ALJ here to give preclusive effect to the prior administrative finding regarding the prior claim period that Mattei could only perform sedentary work.

We exercise only limited review over Mattei's remaining challenges, which focus on what the evidence did (or did not) prove. "We must affirm the ALJ so long as his

---

[15] SSAR 00-1(4), 65 Fed. Reg. at 1936, 1938 (emphasis added).
[16] *Id.* at 1938.
[17] *Id.*
[18] *Cf. Kisor*, 139 S. Ct. at 2415–16 (deferring to agency's "reasonable" interpretation of its own regulations when the regulation is "genuinely ambiguous").

5

conclusions are supported by substantial evidence."[19] "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[20] The record supports the ALJ's thorough opinion. Specifically, Mattei's medical records showed she suffered several impairments but that, with the passing of time and provision of treatment, including medication and therapy, she experienced improved functionality and reduced pain. Mattei questions how her residual functional capacity could possibly increase between April 25, 2019 (the last day of her prior claim) and April 26, 2019 (the first day of her current claim). But we only require evidence to satisfy a reasonable mind. And reasonable minds may reach different conclusions—equally supported by substantial evidence—about the same facts.[21] Plus, the record before the ALJ here included evidence not before the prior ALJ, namely that Mattei's condition began improving in May 2019.[22] Therefore, the record provides substantial evidence for the ALJ's denial of Mattei's disability claim, including his finding that she could perform light work with certain limitations.

For these reasons, we will affirm.

---

[19] *Zirnsak*, 777 F.3d at 610.

[20] *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (quoting *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003)).

[21] *See Kraynak v. Flemming*, 283 F.2d 302, 302 (3d Cir. 1960) (substantial evidence exists even if a court "were to reach a different result approaching the matter de novo"); *cf. Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992) ("Neither the district court nor this court is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." (citation omitted)).

[22] *Compare* AR 310, *with* AR 302.