[PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 22-10568

_____

ISAAC FLOWERS,

Plaintiff-Appellant,

*versus*

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:20-cv-01075-MHH

_____

Before NEWSOM, BRANCH, and LUCK, Circuit Judges.

BRANCH, Circuit Judge:

This social security case revolves around an unusual but not unheard-of scenario. A person applies for Social Security Disability benefits and the administrative law judge ("ALJ") denies his claim, finding in the process that the applicant can perform jobs involving "sedentary work"—the lightest work capacity in the Social Security regulations. After that proceeding becomes final, the person applies for benefits again. This time, without referencing or distinguishing the prior ALJ's finding that the claimant could only perform "sedentary work," the ALJ denies benefits, finding in the process that the claimant can perform jobs involving "light work"—a work capacity slightly more intensive than "sedentary work." In a line of unpublished cases, we have held that this sort of scenario does not pose a *res judicata* problem because the ALJs are considering the claimant's capacity in distinct (though close-in-time) periods.

In this case, claimant-appellant Isaac Flowers urges us to view such cases through a different lens. He argues, pointing to decisions of the Fourth and Sixth Circuits, that the problem with ALJs reaching these seemingly inconsistent findings about the level of work that an applicant can perform is not *res judicata*, but substantial evidence. The argument goes that, if an ALJ finds a claimant is limited to "sedentary work," a subsequent finding that the claimant can do "light work" would lack substantial evidence if the ALJ did not acknowledge and distinguish the previous finding

by showing some improvement in the claimant's condition. Because the ALJ below did not do so, Flowers maintains that the decision is not supported by substantial evidence.

After careful review and with the benefit of oral argument, we reject Flowers's position. First, we conclude that Flowers failed to raise this legal issue below, and we decline to consider it for the first time on appeal. Second, even if Flowers had raised the issue below, any error would be harmless because (given the outcome of his last application) Flowers has not shown that he would have a right to disability benefits even if the ALJ had once again found that he was limited to "sedentary work." Finally, and regardless, we reject Flowers's suggestion that the ALJ's decision was not supported by substantial evidence. We therefore affirm.

## I.    Background

Flowers suffers from back, neck, shoulder, and joint problems and related pain. Flowers is also obese, complains of vision loss in his left eye, and has depression and opioid dependence.

Flowers applied for social security disability benefits in 2014 based on a disability onset date of August 9, 2013, and his claim was denied on April 17, 2017. *See Flowers v. Berryhill*, No. 4:18-cv-00529-JEO, 2019 WL 2469792, *1 (N.D. Ala. June 13, 2019), *aff'd Flowers v. Soc. Sec. Admin., Comm'r*, 817 Fed. App'x 942 (11th Cir. 2020). The ALJ found Flowers "had the residual functional capacity ('RFC') to perform    sedentary    work    with    postural,    reaching,    and

environmental limitations." *Id.*  The regulations define "sedentary work" as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).  Because Flowers could perform sedentary work and there were jobs in the national economy he could do, the ALJ denied benefits.  *Flowers*, 2019 WL 2469792, *1.  The appeals council denied Flowers's request for review.  *Id.*  And we affirmed on appeal.  *Flowers*, 817 Fed. App'x at 946.

After the appeals council denied review of the first claim, Flowers applied again, this time claiming a disability as of April 18, 2017—the day after his first application was denied.  Flowers argued that he "just [did] not have the physical residual functional capacity to perform full-time employment."

But this time, the ALJ found that Flowers "has the residual functional capacity to perform *light* work" with minor modifications.[1]  As defined by the regulations,

---

[1] Specifically the ALJ found that Flowers could perform light work with the following limitations: Flowers could "occasionally climb stairs and ramps;"

> [l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [one] must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b); *id.* § 416.967(b) (same); Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *5 (Jan. 1, 1983) (further defining light work).

To reach this determination, the ALJ reviewed the medical evidence, including Flowers's statements regarding his functional limitations and restrictions in daily activities.[2] The ALJ concluded that Flowers's "medically determinable impairments could

---

could not "climb[] . . . ladders and scaffolding;" could "occasionally balance, stoop, and crouch;" could not "kneel[] or crawl[];" should "avoid[] . . . concentrated exposure to temperature extremes;" and would "require a sit stand option defined as a brief positional change from sitting to standing and vice versa with no more than one change in position every 20 minutes[.]" These modifications are not at issue in this appeal.

[2] The ALJ noted that, since the denial of his first claim, Flowers has used Hydrocodone for pain relief, managing "really bad days" with ice and medication, "acknowledg[ing] that his medication [keeps] his pain under control for the most part." But the ALJ also acknowledged that Flowers continues to have limited range of motion in his spine, as well as "body aches and joint pain causing sleep disturbance."

6                    Opinion of the Court                    22-10568

reasonably be expected to cause" pain and limitations, but his "statements concerning the intensity, persistence[,] and limiting effects of these symptoms [we]re not entirely consistent with the medical evidence and other evidence in the record[.]"  Further, the ALJ said, "imaging studies do not support a finding of disability and treatment notes do not document any significant physical examination findings."  The ALJ noted that, "[o]verall, while the medical evidence demonstrate[d] a history of degenerative disc disease of the cervical and lumbar spine and obesity, it . . . d[id] not support [Flowers's] allegations" about its severity and his limitations "given the effectiveness of conservative treatment."  As for medical opinions given in the case, the ALJ credited the functional assessments of the Agency's consultative examiner and the State Agency medical consultant (including on necessary modifications to the usual light work standards) because those opinions "[were] consistent with and supported by the objective evidence[.]"  On the other hand, the ALJ found that Flowers's medical experts were "not persuasive" because their work "predate[d] the alleged onset date and cover[ed] a period already adjudicated by a prior ALJ denial decision" and "[was] not supported by the subsequently received medical evidence[.]"  The ALJ did not explicitly note or reference any improvement in Flowers's condition.

"In sum," the ALJ found, a modified light work RFC was "supported by the medical evidence of record."  The ALJ concluded that, "[a]lthough the evidence establishe[d] underlying medical conditions capable of producing some pain or other

limitations, the substantial evidence of record [did] not confirm disabling pain or other limitations" or "support a conclusion" that Flowers had "disabling pain or other limitations."

Applying that RFC, the ALJ found that there were "jobs that exist[ed] in significant numbers in the national economy that [Flowers could] perform," and, therefore, that Flowers was not disabled. The appeals council again denied review.

Flowers sought judicial review. He argued that his condition had only worsened since the earlier benefits denial for his first claim and therefore that the denial of his new claim was not based on substantial evidence. The district court affirmed the ALJ's decision, and Flowers appealed.

## II.    Standard of Review

When, as here, "an ALJ denies benefits and the Appeals Council denies review, we review the ALJ's decision as the Commissioner's final decision." *Samuels v. Acting Comm'r of Soc. Sec.*, 959 F.3d 1042, 1045 (11th Cir. 2020) (quotation omitted). The factual findings of the Commissioner are "conclusive" if "substantial evidence" supports them. 42 U.S.C. § 405(g). "We review *de novo* both the Commissioner's legal conclusions and the district court's decision about whether the Commissioner's decision is supported by substantial evidence." *Walker v. Soc. Sec. Admin., Comm'r,* 987 F.3d 1333, 1338 (11th Cir. 2021) (internal citations omitted).

## III.    Discussion

On appeal, Flowers argues that the ALJ erred because it did not consider or distinguish the previous RFC determination that he could perform only "sedentary work," and instead found that Flowers could perform "light work" even though there was no substantial evidence that his condition had improved.  In other words, Flowers's position is that the RFC determination from a prior application should be a factor considered by the ALJ and, while not necessarily binding, should not be disturbed absent substantial evidence of a change in his condition. We disagree. We reject Flowers's legal argument because Flowers did not raise the issue below—and we do not usually consider issues raised for the first time on appeal.  But even if Flowers had preserved the issue, his argument would still fail because he has not shown that the difference between "sedentary work" and "light work" would make any difference to his disability status.  And, finally, we reject Flowers's argument that the ALJ's RFC finding was not supported by substantial evidence.

>    A.  *Flowers failed to preserve the legal issue he argues on appeal.*

Flowers's primary argument is that the ALJ erred because he did not consider and distinguish Flowers's previous RFC finding. He acknowledges a line of unpublished cases from our court explaining that an ALJ's RFC findings are not *res judicata* on later

22-10568                Opinion of the Court                    9

such findings[3]—even if the relevant applications and disability onset periods are close in time—but he urges us to "treat the findings in earlier ALJ decisions as prominent facts and analyze the deviation from those prominent facts . . . through the lens of substantial evidence." Because Flowers did not raise this issue before the ALJ or the district court, we decline to consider it for the first time on appeal.

Arguments not raised before the agency or the district court are forfeited, and we generally do not consider them on appeal, *Kelley v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999), absent extraordinary circumstances, *United States v. Campbell*, 26 F.4th 860, 872–73 (11th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 95 (2022).[4] As an initial matter, Flowers's argument makes little sense based on this record. Flowers himself points out that he argued to the

_____

[3] *See, e.g., Spence v. Comm'r of Soc. Sec.*, No. 21-12909, 2022 WL 1415888 (11th Cir. May 4, 2022); *Diaz v. Comm'r of Soc. Sec.*, 828 Fed. App'x 560 (11th Cir. 2020); *Torres v. Comm'r of Soc. Sec.*, 819 Fed. App'x 886 (11th Cir. 2020); *Griffin v. Comm'r of Soc. Sec.*, 560 Fed. App'x 837 (11th Cir. 2014).

[4] Such "extraordinary circumstances" include situations where

> (1) the issue involves a pure question of law and refusal to consider it would result in a miscarriage of justice; (2) the party lacked an opportunity to raise the issue at the district court level; (3) the interest of substantial justice is at stake; (4) the proper resolution is beyond any doubt; or (5) the issue presents significant questions of general impact or of great public concern.

*Campbell*, 26 F.4th at 873. Flowers has not argued any such circumstances exist, and we see none.

ALJ and the district court that his condition had only worsened since the earlier benefits denial and therefore that the denial of his new claim was not based on substantial evidence. But Flowers never made the argument he makes now—*i.e.*, that, *as a legal matter*, an ALJ has to consider a prior RFC determination, and to reach a different RFC determination, the ALJ must have substantial evidence demonstrating a change in claimant's condition. Thus, under ordinary forfeiture principles, we decline to consider it. *See Apfel,* 185 F.3d at 1215.

We recognize, of course, that "there is a difference between raising new issues and making new arguments on appeal." *In re Home Depot Inc.*, 931 F.3d 1065, 1086 (11th Cir. 2019). But Flowers's submission here is not merely a different argument on the same issue—it is a new issue altogether. To put a finer point on it: below, Flowers argued a factual point—his condition had worsened, not improved. Here, he makes a legal point: the ALJ was categorically required to consider and distinguish a particular fact (the prior RFC finding) and, if it did not do so, its decision *necessarily* lacked substantial evidence. Under our precedents, those are two separate issues. *Compare In re Home Depot,* 931 F.3d at 1086 (permitting the appellant to pivot between legal arguments for negating a lodestar-multiplier), *and Bourtzakis v. U.S. Att'y Gen.,* 940 F.3d 616, 620–21 (11th Cir. 2019) (allowing the appellant to raise a new legal argument about the scope of a Washington statute because it fit within the preserved question of "whether [his] Washington drug conviction qualifie[d] as an aggravated felony"), *with Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1161 (11th Cir. 2004) (declining

to "address Crawford's contention that the ALJ's hypothetical question to the VE was inadequate" because Crawford had only argued that the district court should build certain medical opinions into the hypothetical).

Nor, for similar reasons, is the issue preserved under the broader question of whether the ALJ's decision was supported by substantial evidence. "Substantial evidence is . . . such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Samuels*, 959 F.3d at 1045 (alteration in original) (quotations omitted). Whether substantial evidence exists is an intensely factual question, and the standard of review "does not allow us to decide the facts anew, make credibility determinations, or re-weigh evidence." *Id.* (quotations omitted). By contrast, Flowers's argument that the ALJ was categorically required to consider the prior finding is a question of law, which we review *de novo*. *See Moore v. Barnhart,* 405 F.3d 1208, 1211 (11th Cir. 2005); *see also Keeton v. Dep't of Health & Hum. Servs*., 21 F.3d 1064, 1066 (11th Cir.1994) ("The . . . failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."). These differing standards of review demonstrate that Flowers's position has shifted into new territory, and his new argument does not raise the same issue as his argument below simply because both fall under the broader rubric of substantial evidence.

Thus, Flowers's legal argument raises a different issue than his argument below and is not preserved for our review.[5]

---

[5] Though Flowers's failure to make the argument below is enough to dispose of the issue, we are skeptical that there is any *per se* rule like the one he advocates. Substantial evidence is inherently a case-by-case inquiry. *Cf. Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) ("Where Biestek goes wrong, at bottom, is in pressing for a categorical rule, applying to every [Social Security] case in which a vocational expert refuses a request for underlying data. . . . The inquiry, as is usually true in determining the substantiality of evidence, is case-by-case."). The cases Flowers relies on to persuade us otherwise are out-of-circuit *res judicata* cases, *Lively v. Sec'y of Health & Hum. Servs.*, 820 F.2d 1391, 1391–92 (4th Cir. 1987), *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997), recast by more recent precedents to be substantial evidence cases, *Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 477 (4th Cir. 1999), *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929, 932–35 (6th Cir. 2018). And even those more recent cases did not go so far as to say an ALJ must *always* consider and distinguish a past RFC finding.

Besides—Flowers's own situation shows that the substantial evidence standard does not necessarily require ALJs to consider and distinguish a prior RFC finding. Flowers's designations were "sedentary work" for his first claim, *Flowers*, 2019 WL 2469792, at *1, and "light work"—the next capacity level up—for his second claim. *See also Drummond*, 126 F.3d at 838–39 (considering an initial RFC of "sedentary work" versus a subsequent RFC of "medium work"—two capacity levels away). It is not inherently suspect that the same person, in roughly the same condition, could be found to be capable of either light or sedentary work. To the contrary, the capacity levels demonstrated by these two RFCs are not far apart. *Compare* 20 C.F.R. § 404.1567(a) (defining sedentary work as "involv[ing] lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools" as well as "involv[ing] sitting[ and] a certain amount of walking and standing"), *with id.* § 404.1567(b) ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds. . . . [A] job is in this category when it requires a good deal of

### B. Even if Flowers had preserved his legal argument, he has not shown prejudice from the purported error.

Flowers has also failed to show that his argument would make any difference to his application for disability benefits. *See Raper v. Comm'r of Soc. Sec.*, 89 F.4th 1261, 1274 n.11 (11th Cir. 2024) ("Remand is unwarranted unless an error creates fundamental unfairness or prejudice."). Here, although Flowers's RFC changed from "sedentary" to "light work," he was denied benefits even under the lower RFC designation of "sedentary." *Flowers*, 2019 WL 2469792, at *1. Flowers does not argue that he would have been entitled to benefits if the ALJ had once again found him limited to "sedentary work." *See Raper*, 89 F.4th at 1274 n.11. So even if Flowers were right that the ALJ should have considered his prior RFC finding, winning that point does not help him. Thus, we conclude any such error was harmless.

---

walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."); *see also id.* § 404.1567 (b) ("If someone can do light work," the SSA "determine[s] that he or she can also do sedentary work, unless there are additional limiting factors[.]"). It is simply in the nature of deferential standards like "substantial evidence" that reasonable fact finders could reach slightly different conclusions on the same facts. *Mitchell v. Comm'r of Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (explaining that even if we would have reached a contrary result as the finder of fact, and even if a preponderance of the evidence weighs *against* the Commissioner's decision, this Court must affirm if substantial evidence supports the Commissioner's decision). And since fact finders can reach slightly different conclusions supported by substantial evidence, it is (at a minimum) not necessarily the case that an ALJ *must* distinguish a prior RFC finding in order to support his own finding with substantial evidence.

14                    Opinion of the Court                    22-10568

Flowers urges us to adopt the reasoning of cases from the Fourth and Sixth Circuits, but even if we set aside the numerous reasons why those cases do not help Flowers, the supposed error in those cases was not harmless.[6]  *See Albright*, 174 F.3d at 474; *Earley*, 893 F.3d at 930.  In *Albright* and *Earley*, the ALJ's subsequent RFC findings effectively *denied* the claimant benefits; had the second RFC findings in those cases been the same as the first, the claimants would have been disabled by operation of law simply because they were older.  *See, e.g.*, *Drummond*, 126 F.3d at 839, 842 (explaining that claimant would have been entitled to benefits as a person fifty years or older if she were limited to "sedentary work," as found initially, but the ALJ concluded she could perform "medium work"); *Lively*, 820 F.2d at 1392 (explaining that claimant had turned 55, "thus qualifying as a person of 'advanced age'" who

---

[6] There are at least three reasons why *Albright* and *Earley* do not help Flowers. For one thing, the decisions of other circuits obviously do not bind us.  *See Pitts v. United States*, 4 F.4th 1109, 1116 n.3 (11th Cir. 2021).  For another, *Albright* and *Earley* both concluded that ALJs should *not* give conclusive weight to prior RFC findings, *Albright*, 174 F.3d at 474–76; *Earley*, 893 F.3d at 931–32, so the actual holdings of those cases do not support the proposition that the ALJ *should have* considered and distinguished the prior RFC finding. *See United States v. Files*, 63 F.4th 920, 926 (11th Cir. 2023) (explaining that the holding of the case is determined from what the decision "does"—not what it "says"). And finally, Flowers's argument (which relies not on the holdings of those cases as such, but how they describe previous decisions (*Lively* and *Drummond*)) also fails to appreciate that *Lively* and *Drummond* were avowedly *res judicata* cases, *not* substantial evidence cases, *see Lively*, 820 F.2d at 1392; *Drummond*, 126 F.3d at 839, 842–43—so even the descriptions of them by *Albright* and *Earley* do not persuasively support Flowers's point.

would be "considered disabled" if he was limited to "light work," as found initially, but the second ALJ found him capable "of work activity at any exertional level").  Once again, Flowers does not argue that he would be entitled to benefits if only the RFC finding below was "light work."  Nor can he, as he was denied benefits for his first claim when it was found he could perform sedentary work.  At best, he points out that the jobs that the ALJ relied on would not be suitable if he had been found limited to "sedentary work."  But that argument just shows that the analysis would be different, not that the error was harmful.

We therefore conclude that, even if Flowers had preserved (and prevailed on) his legal argument, it would be harmless error. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983).

C.  *Regardless, the ALJ's finding was supported by substantial evidence.*

Finally, Flowers argues that the ALJ's RFC determination of "light work" was "not supported by substantial evidence" because the ALJ did not substantiate the implicit "finding that Flowers['s condition] had improved[.]"  We find no error.

Explaining the flaw in Flowers's argument requires some background.  A disability under the Social Security Act is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A).  "The burden is primarily on

the claimant to prove that he is disabled[.]" *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).

"The social security regulations establish a five-step evaluation process . . . to determine disability[.]" *Moore*, 405 F.3d at 1211; 20 C.F.R. § 404.1520(a)(4). First, the claimant has the burden to show that he is not currently engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i), (b). Second, the claimant must show that he has a "severe impairment," *id.* § 404.1520(a)(4)(ii), (c), meaning an impairment or combination of circumstances that significantly limits the claimant's "physical or mental ability to do basic work activities," *id.* § 404.1520(c), and "causes more than a minimal limitation on a claimant's ability to function," *Davis v. Shalala*, 985 F.2d 528, 532 (11th Cir. 1993); *see* 20 C.F.R. § 416.920(c). Third, the claimant gets the chance to show that his impairment meets or equals a list of specified (or pre-approved) impairments—if it does, he is eligible for benefits; if not, the analysis goes on. *Id.* § 404.1520(a)(4)(iii), (d).

Flowers's argument deals with the fourth step. At step four, the claimant must show that he has an impairment that prevents him from performing his past work. *Id.* § 404.1520(a)(4)(iv), (e), (f), (h). This step requires the ALJ to assess the claimant's RFC and its compatibility with the claimant's past work. *Id.* § 404.1520(a)(4). The RFC assessment is "based upon all of the relevant evidence[] of a claimant's remaining ability to do work[.]" *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). To flesh out the RFC analysis, the Social Security Administration has adopted terms from the

Dictionary of Occupational Titles defining physical exertion from "sedentary" (at the very bottom of the scale) to "very heavy work" (at the very top). 20 C.F.R. § 404.1567. As discussed, the regulations provide that a person is capable of "light work" if they are able to lift up to 20 pounds, lift and carry 10-pound objects often, and can walk, stand, and push or pull arm or leg controls. *See id.* §§ 404.1567(b), 416.967(b) (same).

But the fourth step does not exist in a vacuum—if the claimant manages to show that he cannot perform his past relevant work because of some severe impairment, then we go to step five, where the burden shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can perform. *Id.* §§ 404.1520(a)(4)(v), (g), 416.920(a)(4); *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). At this point, "[t]he ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002).

Because "we review the [ALJ's] decision only to determine whether it is supported by substantial evidence," the ALJ's decision stands if its decision was based on "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Samuels*, 959 F.3d at 1045 (quotations omitted). This threshold is "not high" and appellate courts generally defer to the ALJ, "who has seen the hearing up close." *Biestek*, 139 S. Ct. at 1154, 1157. Thus, even if we would have reached a different result

and even if a preponderance of the evidence weighs against the Commissioner's decision, we must still affirm if the ALJ's decision clears the low evidentiary bar. *See Mitchell*, 771 F.3d at 782.

Here, the ALJ diligently walked through the evidence and concluded that Flowers could perform a modified form of light work, for which there are "jobs that exist in significant numbers in the national economy[.]"  The ALJ explained that "[a]lthough the evidence establishes underlying medical conditions capable of producing some pain or other limitations," it "does not confirm disabling pain or other limitations arising from those impairments, nor does it support a conclusion that the objectively determined medical conditions were of such severity that they could reasonably be expected to give rise to disabling pain or other limitations."  The ALJ found Flowers's expert's opinions to the contrary "not persuasive" because "they predate[d] the alleged onset date [of disability] and cover[ed]" the prior period, adjudicated by the previous ALJ.  Moreover, the ALJ found, "these opinions are not supported by the subsequently received medical evidence of mild physical and radiographic findings, the effectiveness of ongoing conservative care, and the lack of specialty care[.]"  And the ALJ concluded, based on the testimony of a vocational expert, that there are around 115,000 jobs available in the national economy for someone with Flowers's functional capacity.  Based on our review of the record, we find no error in that reasoning—let alone an error sufficient to say that the decision was not supported by substantial evidence.

Flowers fails to show otherwise. His argument that the decision lacks substantial evidence presumes that, to be capable of "light work," his condition must have improved since the prior determination. He notes, for example, that the ALJ found that many of Flowers's conditions "continued" on their previous course. He points out that "[t]here is no notation in the ALJ decision of [any] improvement" in his condition. And he emphasizes that the ALJ here found more severe impairments than did the ALJ who found his RFC to be "sedentary work." The problem is that all of Flowers's observations of the ALJ's decision rely on the prior ALJ's finding—and assume the "sedentary work" finding was not only correct but also set a benchmark that must be distinguished. Nothing about Flowers's argument shows that the modified "light work" finding here was not supported by substantial evidence in its own right. And Flowers completely fails to grapple with the ALJ's finding that there is work available despite his reduced capacity.

So, having rejected Flowers's argument that the ALJ was required to consider and distinguish the prior RFC finding, we are satisfied that the ALJ's decision was supported by substantial evidence.

## IV.    Conclusion

In sum: because Flowers raises his legal argument for the first time on appeal; because any error was harmless; and because

the ALJ's decision was supported by substantial evidence in any event; we affirm the judgment below.

**AFFIRMED.**

23-10459                    Newsom, J., Concurring                    1

NEWSOM, Circuit Judge, concurring in part and concurring in the judgment:

I join all but Part III.B of the Court's opinion. *Cf. United States v. Files*, 63 F.4th 920, 931–35 (11th Cir. 2023) (Newsom, J., concurring) (expressing skepticism about the value and propriety of alternative holdings).