[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 24-12495

Non-Argument Calendar

————————————————

DORYS L. ACOSTA,

Plaintiff-Appellant,

*versus*

ACTING COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cv-21426-BB

————————————————

Before JORDAN, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

Dorys Acosta appeals the district court's order affirming the denial by the Commissioner of the Social Security Administration of her application for disability insurance benefits ("DIB"). She argues that substantial evidence did not support the finding of the administrative law judge ("ALJ") that significant numbers of jobs that she could perform existed in the national economy. First, she asserts that data from the Department of Labor's occupational employment and wage statistics show that the testimony of the vocational expert ("VE") was erroneous. Second, she contends that there was an unresolved apparent conflict between the ALJ's finding regarding her residual functional capacity ("RFC") and the description of the "mail clerk" position in the Dictionary of Occupational Titles ("DOT").

I

We consider the ALJ's decision as the Commissioner's final decision when it denies benefits and the Appeals Council denies review. *See Samuels v. Acting Comm'r of Soc. Sec.*, 959 F.3d 1042, 1045 (11th Cir. 2020). We review Social Security cases to determine whether the Commissioner's decision was supported by substantial evidence and whether the correct legal standards were applied. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Under this limited standard of review, we do not decide the facts anew, make credibility determinations, or re-weigh the

evidence. *See id.* When the Appeals Council has denied review, "we will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence." *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998).

The Social Security regulations outline a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v), (b)-(g). This process considers whether the claimant: (1) is unable to engage in substantial gainful activity; (2) has a severe medically determinable physical or mental impairment; (3) has such an impairment that meets or equals one of the listings of the Social Security Administration ("SSA") listings and the duration requirements; (4) can perform her past relevant work, in light of her residual functional capacity; and (5) can make an adjustment to other work, in light of her RFC, age, education, and work experience. *See id.* at § 404.1520(a)(4)(i)-(v).

If the ALJ finds that a claimant cannot perform her past relevant work, the burden of proof shifts to the Commissioner at step five to show that significant numbers of jobs that the claimant could perform exist in the national economy. *See Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1278-79 (11th Cir. 2020); 20 C.F.R. §§ 404.1560(c)(1), 416.960(c)(1). "Work which exists in the national economy" is work that "exists in significant numbers either in the region where [the claimant] lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). *See* 20 C.F.R. §§ 404.1566(a), 416.966(a). At this stage, "[t]he ALJ must articulate specific jobs that the claimant is able to perform, and this finding

must be supported by substantial evidence, not mere intuition or conjecture." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002).  The SSA regulations provide that if the ALJ "determine[s] that unskilled, sedentary, light, and medium jobs exist in the national economy," then the ALJ "will take administrative notice of reliable job information available from various governmental and other publications," including, "[f]or example," the DOT, County Business Patterns, Census Reports, Occupational Analyses, and the Occupational Outlook Handbook.  *See* 20 C.F.R.§§ 404, 1566(d)(1)-(5), 416.966(d)(1)-(5).  If the Commissioner makes the required showing, the burden shifts back to the claimant to prove she is unable to perform the jobs identified by the ALJ.  *See Goode*, F.3d at 1279.

ALJs may consult with VEs to make their step-five determinations.  *See id.* at 1280.  To obtain a job-numbers estimate, VEs may start with a publication like the DOT, which groups jobs into occupations and assigns each occupation a code number, but "do[es] not provide statistical information about the number of jobs available in the national economy." *Id.* at 1281.  To obtain an estimate of the numbers of DOT occupations available, VEs consult sources like the Occupational Employment Quarterly, which groups together occupations through the Standard Occupational Classification ("SOC") system. *See id.*  Because SOC groups are not based on DOT occupations, "a single SOC group may contain multiple DOT occupations." *Id.*

24-12495                Opinion of the Court                5

The testimony of a VE "may count as substantial evidence even when unaccompanied by supporting data." *Biestek v. Berryhill*, 587 U.S. 97, 105 (2019). Nonetheless, an ALJ's finding that jobs that the claimant could perform exist in significant numbers in the national economy is not supported by substantial evidence when it is based on VE estimates that the claimant has challenged, and the VE (1) used a significantly flawed methodology or (2) provided an estimate that defied common sense without any explanation. *See Goode*, 966 F.3d at 1281-84; *Viverette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1319 (11th Cir. 2021).

An ALJ has an affirmative duty to identify any "apparent" conflict between the DOT and VE testimony and resolve it, and the ALJ's failure to discharge this duty "means the ALJ's decision is not supported by substantial evidence." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1362 (11th Cir. 2018). A conflict is "apparent" if it "is reasonably ascertainable or evident from a review of the DOT and the VE's testimony." *Id.* at 1365. "At a minimum, a conflict is apparent if a reasonable comparison of the DOT with the VE's testimony suggests that there is a discrepancy, even if, after further investigation, that turns out not to be the case." *Id.*

## II

Ms. Acosta did not object to the VE's qualifications, challenge the VE's testimony regarding the number of available jobs, or present any contrary jobs data either to the ALJ or to the Appeals Council. We therefore need not consider the jobs-data evidence that she submitted for the first time to the district court. On this

record, the ALJ was not required to independently consult data from the occupational employment and wage statistics.

The Commissioner's factual findings must be supported by substantial evidence, meaning "more than a scintilla" and "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel*, 631 F.3d at 1178 (quotation marks omitted). The substantial evidence threshold "is not high." *Biestek*, 587 U.S. at 103. If a claimant would not be entitled to benefits even absent an alleged error, that error is considered harmless. *See Flowers v. Comm'r, Soc. Sec. Admin.*, 97 F.4th 1300, 1307-08 (11th Cir. 2024).

The claimant's RFC is "the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). An RFC includes "all of [her] medically determinable impairments" and is assessed "based on all the relevant medical and other evidence." *Id.* § 404.1545(a)(2)-(3). "[T]he DOT specifies the general educational requirements, including the level of reasoning skills, required for each job." *Viverette*, 13 F.4th at 1311.

The DOT provides that the position of "mail clerk" requires level 3 reasoning. *See* DOT § 209.687-026. There is an apparent conflict between an RFC limitation to simple, routine, and repetitive tasks and a DOT requirement of level 3 reasoning. *See Viverette*, 13 F.4th at 1317.

Substantial evidence supports the ALJ's findings that Ms. Acosta could perform work as a produce sorter or photocopy-machine operator and that there were 216,000 available such jobs in

24-12495                Opinion of the Court                7

the national economy.  As a result, the unresolved apparent conflict between Ms. Acosta's RFC and the DOT description of the mail clerk position was harmless.

### III

We affirm the district court's order.

**AFFIRMED.**