**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 25-10262

Non-Argument Calendar

————————————————

JENNIFER LYNN KAVANAUGH,

*Plaintiff-Appellant,*

*versus*

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

*Defendant-Appellee.*

————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 4:24-cv-00045-WMR

————————————————

Before BRANCH, TJOFLAT, and ANDERSON, Circuit Judges.

PER CURIAM:

Over four years ago, Jennifer Kavanaugh, who is proceeding pro se, applied to the Social Security Administration ("SSA") for supplemental security income. Her claim was denied, reconsidered, and denied again. Kavanaugh requested a hearing with an administrative law judge ("ALJ") who found that Kavanaugh was not disabled under the Social Security Act definition and denied her claim. Kavanaugh sought review by the Appeals Council which denied her request for review. Kavanaugh then turned to the District Court for review, and the District Court affirmed the ALJ's decision. Kavanaugh timely appeals, and we affirm.

## I.

Kavanaugh has been, and continues to be, pro se in this action. The yearslong administrative record is marked by confusion and misunderstandings as to the medical records and diagnoses at issue. So, for the benefit of all parties, we begin with a detailed recitation of the facts.

### A. Administrative Proceedings

On February 24, 2021, Kavanaugh applied for supplemental security income based on an alleged disability. In her application paperwork, Kavanaugh listed two conditions that limited her ability to work: (1) "Siriasis [sic] on the sole of the right foot and calf" and (2) "feet cracking." In her Function Report, she stated that she has "palmoplantar psoriasis" on her hands and feet as well as "psoriatic arthritis," which causes her joints to be "inflamed" and

25-10262                Opinion of the Court                3

"painful." She reported that "[i]t hurts to stand on foot" and to touch things with her hands. Kavanaugh reported that due to this condition, she stopped working on November 1, 2019.

In December of 2021, SSA Medical Consultant Dr. Bell reviewed Kavanaugh's medical records and deemed her not disabled. In January of 2022, Kavanaugh submitted a request for reconsideration in which she listed her disabilities as "psoriasis and psoriatic arthritis." In September of 2022, a second SSA medical consultant, Dr. Omonuwa, reconsidered Kavanaugh's disability benefits application and deemed Kavanaugh not disabled. Shortly thereafter, Kavanaugh requested a hearing with an ALJ to appeal these adverse decisions. She stated that the reason for her appeal was that the September 2022 denial incorrectly named her calf as one of the locations of her psoriasis.

On March 27, 2023, ALJ Gregory Fons held a virtual hearing in which he considered testimony from Kavanaugh and a Vocational Expert ("VE"). At the hearing, Kavanaugh raised concerns that her records were not complete because the ALJ was missing two sets of documents: (1) Dr. Chappell's records from December 2020 to March 2021 and (2) PA Moore's records from May 2021 to March 2023.[1] Records from Dr. Chappell dated December 8, 2020, through March 3, 2021, are Exhibit 1F in the administrative record. Correspondence dated July 12, 2023, between the SSA Hearing Office and the Skin Cancer and Cosmetic Dermatology Center

---

[1] Throughout the record Kavanaugh refers to Jodi-Ann Moore as "Dr. Moore." Moore is, however, a physician's assistant, not a medical doctor.

confirms that Kavanaugh's medical records from PA Moore were complete. Thus, the record supports a finding that Judge Fons made every effort to obtain Kavanaugh's full medical records before he issued his decision on August 11, 2023. In that decision, the ALJ conducted the five-step sequential evaluation process outlined in 20 CFR 416.920(a) and found that Kavanaugh was not disabled under the Social Security Act definition.

On August 24, 2023, Kavanaugh petitioned the SSA Appeals Council to review the ALJ's decision citing "inaccuracies in the record" including the incorrect placement of Kavanaugh's psoriasis on her calf and the ALJ's inclusion of eczema in Kavanaugh's diagnoses when she had not, in fact, been diagnosed with eczema. She also attached additional documentary evidence including previously unconsidered records from PA Moore. While some of the medical records were not in the administrative record when the ALJ made his decision, those records largely mirrored those the ALJ considered. While the new records reference Kavanaugh's complaints of joint pain on two occasions, they also confirm that Kavanaugh had not been diagnosed with arthritis by a doctor. On February 1, 2024, the SSA Appeals Counsel denied Kavanagh's request for review, stating that it viewed the additional documents not considered by the ALJ and concluded that the new evidence did not show a "reasonable probability that it would change the outcome of the [ALJ's] decision."

### B. U.S. District Court

On February 12, 2024, Kavanaugh asked the District Court to review the ALJ's decision. Kavanaugh argued to the District Court that (1) she is not able to do work or engage in substantial gainful employment, (2) the ALJ failed to provide legally sufficient reasons for rejecting the findings of her physicians and failed to recognize the severity of her disability, and (3) the ALJ erred in determining that she was capable of performing past relevant work as a warehouse worker.

### i. Motions to Attach New Evidence

Kavanaugh also made three motions to attach new evidence, and each of her motions were granted. Pursuant to her first motion, Kavanaugh attached two new medical records from Lake City Chiropractic from May 29, 2024, and June 3, 2024. These records indicate that the "provider" is "Andrew Payne" without indicating Payne's credentials. The records reflect that Kavanaugh complained about her neck and spine and reported that activities like walking and standing had "become difficult" when she engages in them for more than ten minutes. Under the title "Assessment," the record states that Kavanaugh "has psoriatic arthritis as a complicating factor[]" and, under the title "Diagnosis," lists eleven conditions related to the back, spine, and neck, including Cervicalgia, Spondylosis, and pain in the thoracic spine.

Pursuant to her second motion, Kavanaugh attached the first page of a two-page Medical Statement from the Georgia Department of Human Services which includes the following

statements: "Date of most recent examination: 8-9-2024"; "Diagnosis of present condition: Cervical spondylosis, cervical degenerative disc disease, lumbar spondylosis"; "Expected duration of illness: Chronic condition with weekly flare-ups." While the document indicates that "Dr. Andrew Payne" is the person who filled it out, the second page, which generally includes the name and signature of the medical professional who filled out the form, is absent from the record.

Pursuant to her third motion to attach new evidence, Kavanaugh attached a disc containing x-rays of her spine and surrounding joints as well as medical records from six visits with Andrew Payne ranging from June 3, 2024, to September 16, 2024.

### ii. Magistrate's Report and Recommendation

On October 30, 2024, the Magistrate Judge issued a Final Report and Recommendation ("R&R") recommending that the District Court affirm the final decision of the Commissioner. The R&R thoroughly reviews the record as well as the ALJ's determination. While the Magistrate Judge allowed Kavanaugh to attach new evidence pursuant to her motions, he noted that he did not recommend that the District Court remand for the Commissioner to consider the evidence since the new evidence is not probative of an issue in the case because it is outside of the relevant time window.

On the first page of the initial R&R, the Magistrate Judge incorrectly identifies the plaintiff as "Allison B." Shortly after it was issued, it was vacated and replaced with a corrected copy dated November 2, 2024.

On November 14, 2024, Kavanaugh filed a Motion for Reconsideration asking for the District Court to "'fully' review her records and her case" and claiming that she was "not receiving a fair hearing by the United States District Court." Specifically, Kavanaugh pointed to the incorrect Plaintiff's name in the initial R&R. The Magistrate Judge, however, had already corrected the Plaintiff's name in the revised R&R. Kavanaugh also criticized the revised R&R for referencing what she thought were "[t]he other plaintiff's [Allison B's] conditions." Actually, the R&R's reference to "various leg instability and shoulder separation" appears in a parenthetical quotation from another case and is not "faulty information" nor does it suggest that Kavanaugh's case had not been given "a 'full' reading" as Kavanaugh claimed.

On November 14, 2024, Kavanaugh moved for reconsideration of the R&R and, for a fourth time, to attach new evidence. The new evidence was a letter from Southeast Dermatology Specialists dated November 12, 2024, in which PA Moore stated that Kavanaugh had "been in [her] care as a patient from June 2021 to April 2024," that she had been treating Kavanaugh for "Plaque Psoriasis and Psoriatic Arthritis," and that the condition would "flare on and off" as it progressed. The District Court construed these two motions as objections to the R&R and overruled them, adopting the R&R and affirming the ALJ's decision. The District Court entered final judgment on December 31, 2024, and this appeal follows.

## II.

In appeals from the Social Security Administration, we review the Commissioner's decision for substantial evidence, but we review its application of legal principles de novo. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Substantial evidence means "more than a scintilla" or "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). In cases where, as here, the Appeals Council denies review of the ALJ's decision, we review the ALJ's decision as the Commissioner's final decision. *Henry v. Comm'r of Soc. Sec.*, 802 F. 3d 1264, 1267 (11th Cir. 2015).

## III.

Kavanaugh raises multiple arguments in her statement of issues on appeal and throughout her brief. The arguments can be broadly organized into the following claims: (1) that the ALJ was missing records when he made his decision, (2) that the ALJ's decision contains harmful error, and (3) that the new evidence entered into the District Court's record necessitates remand to the SSA.

Kavanagh also makes several arguments which we will not reach because they are irrelevant, or they have been forfeited. First, Kavanaugh argues that the typographical errors in the Magistrate Judge's original R&R constitute reversible error. When considering social security appeals, we review the *Commissioner's* final decision for substantial evidence. Thus, in this case, we conduct a fresh review of the ALJ's decision without deferring to the District Court or reviewing the District Court's decision for errors. *Henry v.*

*Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015). Kavanaugh's contentions that we should reverse because of errors made by the Magistrate or District Court Judge are irrelevant because we will not review the District Court's decision.

Kavanaugh also makes two arguments for the first time in this appeal: (1) mistakes made by the SSA and the District Court violated Kavanaugh's constitutional right to a fair hearing, and (2) the SSA and the District Court have caused "serious infliction of emotional distress." Because they were not raised before the agency or the District Court, these arguments are forfeited. *See Flowers v. Comm'r, Soc. Sec. Admin.*, 97 F.4th 1300, 1305 (11th Cir. 2024) ("Arguments not raised before the agency or the district court are forfeited, and we generally do not consider them on appeal absent extraordinary circumstances." (internal citations omitted)).

We now turn to the issues properly before us.

*A. Missing Medical Records*

Throughout the administrative and District Court proceedings and in this appeal, Kavanaugh has expressed concern that the SSA did not have her complete medical records in its possession before rendering its final decision. Generally, the ALJ has the responsibility to develop a full and fair record, *Henry*, 802 F.3d at 1267, and remand for further factual development is appropriate where the record "reveals evidentiary gaps which result in unfairness or clear prejudice." *Id.* at 1267 (internal quotation marks omitted).

Our detailed review of the record reveals that there were, in fact, no gaps in the SSA's record. As we discussed in Part I.A., *supra*, the SSA had Kavanaugh's complete medical records before the SSA Appeals Council adopted the ALJ's decision. Thus, Kavanaugh's contention that the ALJ and the SSA erred in not considering all her medical documents is not supported by the record.

### B. ALJ Errors

Next, Kavanaugh argues that the SSA erred in "constantly naming the wrong diagnoses," referencing "incorrect locations of the diagnosis," and "not considering [Kavanaugh's] proper diagnosis and locations." This argument is based on the fact that, in his decision, the ALJ listed Kavanaugh's severe impairments as "psoriasis and eczema" and made a reference to "claimant's rheumatoid arthritis." Kavanaugh argues that these statements evidence error because she has not been diagnosed with eczema and, she alleges, she has psoriatic, not rheumatoid, arthritis.

Within the framework of substantial evidence review of the ALJ's factual findings, we apply the harmless error doctrine. This means that we will not reverse because the ALJ made a factual error if that error did not affect that claimant's substantial rights—that is, the factual error was irrelevant to the ALJ's ultimate legal determination. *Shinseki v. Sanders*, 556 U.S. 396, 407, 129 S. Ct. 1696, 1705 (2009) (describing harmless error review); *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (applying harmless error doctrine in a social security case and declining to reverse on the

grounds that the ALJ committed factual errors because they did not impact the ALJ's ultimate decision).

The alleged factual errors in the ALJ's decision do not constitute reversible error because, to the limited extent that they were factually incorrect, they did not impact the ALJ's ultimate determination. The first alleged error in the ALJ's decision is that it listed eczema among Kavanaugh's severe impairments. Regardless of whether the inclusion of eczema was factually incorrect, it does not constitute reversible error because it did not prejudice Kavanaugh. In fact, the inclusion of an additional severe impairment would have only served to bolster Kavanaugh's disability case. Thus, the inclusion of eczema as a severe impairment does not warrant remand.

The second alleged error in the ALJ's decision is that it refers to Kavanaugh's "rheumatoid arthritis" rather than psoriatic arthritis. Kavanaugh argues that since the ALJ misidentified the disease, her arthritis was not considered. This is not true. At step three of his analysis, the ALJ gave a detailed explanation for why he concluded that Kavanaugh's symptoms did not meet the severity of any of the impairments listed in the SSA regulations. The ALJ's use of the word "rheumatoid" rather than "psoriatic" had no bearing on his conclusion that "[t]he claimant did not have evidence of inflammation, deformity, ankylosing spondylitis, spondyloarthropathies, or repeated manifestations of inflammatory arthritis with criteria as required." Thus, to the extent that the use of the word "rheumatoid" was an error, it was harmless because it did not

impact the ALJ's ultimate determination and the ALJ considered all of Kavanaugh's alleged impairments.

### C. New Evidence

Finally, Kavanaugh argues that the District Court should have considered additional evidence. The unconsidered evidence includes the letter from PA Moore dated November 12, 2024, and the medical records from Andrew Payne, the earliest of which is dated May 29, 2024. *See supra* Part I.B.i–ii. Kavanaugh argues that these documents relate to her original diagnoses and, therefore, should have been considered.

Under 42 U.S.C. § 405(g), this court may remand a case to the SSA to consider newly discovered evidence when the claimant establishes that: "(1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result, and (3) there is good cause for the failure to submit the evidence at the administrative level." *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 821 (11th Cir. 2015) (citing *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986)).

In this case, we are reviewing the ALJ's decision as to whether Kavanaugh was entitled to benefits from the time she allegedly became disabled to the date of the ALJ's decision. The ALJ's decision was rendered on August 11, 2023. The earliest new evidence is from 2024. Thus, even if the new evidence is related to the deterioration of Kavanaugh's condition, it is not probative of the issues in this case. *See Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir.

1999) (declining to remand for the consideration of new evidence because the new evidence, while relevant to the claimant's condition, was not probative of the relevant time window). If a claimant's condition deteriorates after the SSA has reached a final determination in their case, the claimant is free to file another application.

## IV.

The record in this case reveals that the ALJ applied the requisite five-step sequential evaluation process for determining whether an individual is disabled. His determination was supported by substantial evidence and Kavanaugh's claims of error fail. For the foregoing reasons we agree with the judgment of the District Court and affirm the final decision of the SSA.

**AFFIRMED.**